Filed 12/15/21  Magallanes v. Superior Court CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## SECOND APPELLATE DISTRICT
## DIVISION FOUR

| | |
|---|---|
| CAMILA LOPEZ MAGALLANES, a Minor, etc., | B312794 (Los Angeles County Super. Ct. No. BC684669) (Malcom Mackey, Judge) |
| Petitioner, | |
| v. | ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT, | |
| Real Party in Interest. | |

THE COURT:*

It is ordered that the opinion filed herein on November 17, 2021, be modified as follows:

On page 3, in the first paragraph, delete ", including a statement that Magallanes's friend had pushed the child, causing her to fall on an uneven floor."

On page 4, in the first paragraph, delete "District counsel responded that he assumed Magallanes's counsel took issue with "the statement where [Magallanes's friend] pusher her and that's why she fell.""

Also on page 4, in the third paragraph, delete the words "regarding the cause of her fall."

On page 10, in the second paragraph, delete ", provided by Magallanes or her mother that the child was pushed by another student,."

On page 14, in the second paragraph, delete "in which Magallanes or her mother said that Magallanes was pushed by another student."

On page 15, in the second paragraph, replace the phrase "that Magallanes was purportedly pushed by another student," with "provided in the intake documents."

There is no change in the judgment.

*MANELLA, P. J.　　　　WILLHITE, J.　　　　COLLINS, J.

2

Filed 11/17/21  Magallanes v. Superior Court CA2/4 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CAMILA LOPEZ MAGALLANES, a Minor, etc.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>Respondent;<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT,<br><br>Real Party in Interest. | B312794<br>(Los Angeles County<br>Super. Ct. No. BC684669) |

ORIGINAL PROCEEDINGS; Petition for Writ of Mandate from an order of the Superior Court of Los Angeles County, Malcom Mackey, Judge.  Petition granted.

Blair & Ramirez, Oscar Ramirez, Matthew P. Blair; Parris Law Firm, R. Rex Parris, Susan S. Baker, Eric N. Wilson, Khail A. Parris and Daniel Eli for Petitioner.

No appearance for Respondent.

Hurrel Cantrall, Thomas C. Hurrell, Diane Martinez; Vanderford & Ruiz, Rodolfo F. Ruiz, Maetha Jacobe and Ty Vanderford for Real Party in Interest.

_____

Petitioner Camila Lopez Magallanes petitions for a writ of mandate compelling the trial court to vacate its order granting an ex parte application filed by real party in interest Los Angeles Unified School District (the District) deeming the attorney-client privilege waived as to statements appearing in attorney intake documents that were disclosed to expert witnesses and opposing counsel. As explained below, we grant the petition and issue the writ directing the trial court to vacate its prior order deeming the attorney-client privilege waived, and instead issue an order denying the District's application.

## BACKGROUND

1. *The Lawsuit and Discovery Dispute*

As alleged in her complaint, while attending school in 2017, Magallanes (then seven years old) fell and struck her head on an asphalt playground. Through her mother and guardian ad litem, Magallanes sued the District for negligence, negligent supervision, and dangerous condition of public property, alleging inter alia that the school asphalt caused Magallanes to trip and fall.

2

In April 2017, Magallanes and her mother sought legal representation from the Law Offices of Gary Berkovich. In connection with its representation of Magallanes, the office generated approximately 20 pages of intake documents. One of the documents memorialized a description of the incident, as provided by Magallanes or her mother, including a statement that Magallanes's friend had pushed the child, causing her to fall on an uneven floor.

The Law Offices of Gary Berkovich were replaced by Blair & Ramirez as counsel for Magallanes. Between June and September 2019, a legal assistant for Blair & Ramirez emailed three of Magallanes's expert witnesses Dropbox links to access "Medical Records," "Academic Records," "Responses to Discovery," and "All Documents produced by" the District in discovery. The intake documents were inadvertently uploaded to one or more of the Dropbox links.

Before one of Magallanes's expert witnesses, Sharon Grandinette, was set to be deposed, Blair & Ramirez's legal assistant sent District counsel Grandinette's "expert file." Among the hundreds of pages of documents in the file were the intake documents.

While deposing Grandinette on May 5, 2021, District counsel sought to mark as an exhibit portions of the intake documents. After briefly reviewing the documents, Magallanes's counsel interrupted the deposition: "page 33 to 55 appear to be attorney-client privileged documents. And so I don't know how they were produced. I don't know if it was inadvertently or mistakenly produced, but those need to be essentially destroyed because those are attorney-client protected

3

documents . . . and need to be excised from the file."  District counsel responded that he assumed Magallanes's counsel took issue with "the statement where [Magallanes's friend] pushed her and that's why she fell."  Magallanes's counsel admonished District counsel that the documents were privileged, inadvertently disclosed, and were to be immediately destroyed.  Both parties stipulated that they would refrain from transmitting or using the intake documents until the court ruled on whether disclosure of the intake documents waived the claim of privilege.

2.     *The Ex Parte Applications*

On May 11, 2021, the parties filed competing ex parte applications, the District seeking an order deeming the claim of privilege waived, and Magallanes seeking an order disqualifying District counsel for improperly using privileged communications.

In its application, the District argued that Magallanes had waived her right to claim the attorney-client privilege over the statement regarding the cause of her fall, which was included in the intake documents that were disclosed to expert witnesses and District counsel. The application states in a footnote that the District had filed portions of the intake documents "concurrently . . . under seal."  One page of the intake documents wherein Magallanes or her mother summarized the incident was filed through the District's notice of lodging.

In her application, Magallanes argued that District counsel was dutybound to refrain from reviewing and using privileged material that had been inadvertently disclosed.  In support, Magallanes's counsel

4

attached to his declaration portions of the Grandinette deposition transcript wherein counsel claimed the attorney-client privilege. Counsel also declared that his office had inadvertently disclosed prior counsel's intake documents.

In her opposition to the District's application, Magallanes listed various portions of the intake documents to demonstrate their conspicuous markings as privileged material. One of the redacted intake documents states, "Premise Liability Sign-Up" with a disclaimer "FOR OFFICE USE ONLY." Another document states, "Retainer Agreement" and appears under law firm letterhead. Yet another document, also appearing under law firm letterhead, states "SOCIAL NETWORKING SITES WARNING/ATTORNEY CLIENT PRIVILEGE."

3.    *The Trial Court's Ruling and Immediate Disclosure*

The court held a hearing on both applications on Friday May 21, 2021. Following argument of counsel, the trial court found Magallanes's counsel had waived her claim of privilege, because "[o]nce you tell someone the secret, it is gone."

Following the court's ruling the same day, the District notified one of its expert witnesses, John Brault, of the intake documents. During his deposition, taken the same day as the court's ruling, Brault stated he had received the intake documents around 10:00 that morning. When asked by Magallanes's counsel if anything in the intake

5

documents had altered his expert opinion,[1] Brault stated they did not. Brault did not know who filled out the summary of the incident.

4.      *Motion to Stay and Petition for Writ of Mandate*

On May 24, 2021 (one court day after the trial court's ruling), Magallanes filed an ex parte motion to stay the court's ruling on the issue of waiver to allow Magallanes to file a petition for writ relief.  The court denied the application.

On June 2, 2021, Magallanes filed a petition for writ of mandate and requested an immediate stay.  In turn, we issued an order staying trial court proceedings until further order of the court, and directed the District to file a preliminary response to address the effect of:  (1) Magallanes's publicly filing exhibits disclosing information claimed to be privileged; and (2) assuming the disclosure was inadvertent, Magallanes's failure to take any appropriate action to preserve the confidentiality of information.

In its preliminary response, the District argued Magallanes had waived her claim of privilege by publicly filing the deposition transcript of Grandinette in the trial court, and filing one page of the intake documents as an exhibit to her writ petition.  The District also argued

---

[1]      The parties have not clarified the subject area in which Brault was designated an expert.  However, in support of its preliminary response to our prior order, the District filed portions of transcript taken during Brault's deposition.  In that transcript, Brault stated he was an expert in gait.

6

that Magallanes had failed to take corrective action to seal the document and transcript.

In her reply to the District's preliminary response, Magallanes argued that the statements appearing in the Grandinette deposition transcript were not subject to a sealing order because they did not constitute evidence (the only relevant statements appearing in the transcript were made by counsel). Magallanes also argued her counsel had inadvertently filed one of the intake documents with this court.[2]

On July 9, 2021, we issued an alternative writ requiring the trial court either to: (1) after notice to the parties and an opportunity to be heard, vacate its prior order granting the District's ex parte application to deem Magallanes's attorney-client privilege waived, and enter a new order denying that application; or (2) in the alternative, show cause before this court why a peremptory writ of mandate ordering it to do so should not issue.[3]

The trial court held a hearing on September 24, 2021, to decide whether to change its prior order. Following argument of counsel, by

---

[2] Based on a declaration by Magallanes's counsel, counsel received a service copy of the District's notice of lodging that did not include any portion of the intake documents. Because the service copy omitted the intake documents, counsel assumed the court copy (which counsel copied for use as an exhibit to Magallanes's writ petition) would not include an intake document. Counsel also relied on the District's ex parte application, which stated that the intake documents would be filed under seal.

[3] In the same order, we denied Magallanes's petition to the extent it challenged the trial court's denial of her request to disqualify District counsel.

7

written ruling the court reaffirmed its prior order deeming the attorney-client privilege waived. The court found that Magallanes's counsel's repeated production of privileged information, questioning of District witnesses based on the information, and "counsel's slow action towards objecting to use of the information . . . infer[red] [*sic*] the client's intent to waive" the privilege. The court also reasoned that courts have imputed knowledge and mistakes of attorneys to their clients in other circumstances.

## DISCUSSION

1. *Governing Law and Standard of Review*

The attorney-client privilege, as codified in Evidence Code section 950 et seq., protects confidential communications between a client and her attorney made in the course of an attorney-client relationship.[4] (*Kerner v. Superior Court* (2012) 206 Cal.App.4th 84, 116; *Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 732 (*Costco*).) The privilege is absolute; courts have no power to expand or limit the privilege by creating exceptions. (*McDermott Will & Emery LLP v. Superior Court* (2017) 10 Cal.App.5th 1083, 1100 (*McDermott*).)

Section 954 sets forth the attorney-client privilege. That section states in part that "[s]ubject to Section 912," the client may "refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer."

---

[4]     Subsequent references to statutes are to the Evidence Code.

8

Section 912 in turn provides that "the right of any person to claim a privilege provided by Section 954 . . . is waived with respect to a communication protected by the privilege if any holder of the privilege, without coercion, has . . . consented to disclosure made by anyone. Consent to disclosure is manifested by any statement or other conduct . . . indicating consent to the disclosure, including failure to claim the privilege in any proceeding in which the holder has legal standing and the opportunity to claim the privilege." (§ 912, subd. (a).)

The party claiming the privilege has the burden of establishing a prima facie showing of a confidential attorney-client communication. (*McDermott*, *supra*, 10 Cal.App.5th at p. 1101.) Once that prima facie showing has been made, "'it is presumed the communication is privileged and the burden shifts to the opponent to establish waiver, an exception, or that the privilege does not for some other reason apply.'" (*Ibid.*, quoting *DP Pham, LLC v. Cheadle* (2016) 246 Cal.App.4th 653, 659–600 (*DP Pham*).)

The determination whether a communication is privileged, and whether there has been a waiver of any such privilege, requires consideration of fact and law. (*McKesson HBOC, Inc. v. Superior Court* (2004) 115 Cal.App.4th 1229, 1236 (*McKesson*).) When there is conflicting evidence on whether the client intended to waive the attorney-client privilege, we review the court's ruling for substantial evidence. (*McDermott*, *supra*, 10 Cal.App.5th at p. 1102.) However, when the historical facts are undisputed, the " inquiry 'requires a critical consideration, in a factual context, of legal principles and their underlying values.' [Citation.] Therefore, the question is

9

predominately legal, and we independently review the trial court's decision." (*McKesson, supra*, at p. 1236; accord, *Regents of University of California v. Superior Court* (2008) 165 Cal.App.4th 672, 678 (*Regents*).)

2.    *Analysis*

Here, it is undisputed that the statement at issue, provided by Magallanes or her mother that the child was pushed by another student, appeared in the intake documents, and that such statement constitutes a privileged communication under section 954.  The parties dispute only whether that privilege was waived by (1) Magallanes's counsel's disclosures of the statement to expert witnesses and opposing counsel; (2) the designation of Magallanes's retained experts as witnesses at trial; and (3) her counsel's failure to protect the statement upon claiming the privilege.  As we shall discuss, we find no waiver of the attorney-client privilege.

Section 912 clearly provides that it is the holder of the privilege, in this case Magallanes through her mother and guardian ad litem (§ 953), who may waive the privilege.  Because section 912 clearly provides that it is only the client who may waive the privilege, this court previously held in *State Comp. Ins. Fund v. WPS, Inc.* (1999) 70 Cal.App.4th 644, 652, 654 (*State Comp.*), that "'waiver' does not include accidental, inadvertent disclosure of privileged information by [client's] attorney." (*Id.* at p. 654.)

In *State Comp.*, outside counsel for the plaintiff (State Fund) inadvertently sent defense counsel hundreds of pages of civil litigation

10

claims forms conspicuously marked as attorney-client communications. (70 Cal.App.4th at pp. 647–648.) The inadvertent disclosure of such privileged communications was made in a large production of documents. (*Id.* at p. 647.) When counsel for State Fund discovered the error six months later, he contacted defense counsel and "demanded the return of the . . . documents." (*Id.* at p. 649.) When defense counsel refused, counsel for State Fund gave ex parte notice that he would seek an order compelling the return of the documents. (*Ibid.*) Counsel for State Fund then filed an ex parte application for, inter alia, the destruction or return of the documents, and sanctions against the defendant and counsel for reviewing and using material clearly marked as privileged. (*Id.* at p. 649.) The court agreed, and found State Fund had not waived the privilege by the inadvertent disclosure; the court also found defense counsel violated its ethical obligations to refrain from using and return the documents to State Fund. (*Id.* at p. 651.)

On appeal from the trial court's order, we held that the accidental, inadvertent disclosure of the privileged information by State Fund's counsel did not result in a waiver by State Fund. (70 Cal.App.4th at p. 653.) In reaching that conclusion, we looked to the words and conduct of State Fund, the holder of the privilege, to determine whether a waiver had occurred. (*Id.* at p. 652.) We found no affirmative conduct on behalf of State Fund to consent to disclosure, and found significant testimony from State Fund's counsel that disclosure of the material was unintentional and had been made despite the procedures it employed to prevent disclosure of privileged materials. (*Id.* at p. 653.) We also

11

found "the promptness with which counsel for State Fund moved to secure return of the documents indicated that there was no intent on the part of State Fund to waive the privilege." (*Ibid.*; accord, *Ardon v. City of Los Angeles* (2016) 62 Cal.4th 1176, 1188 ["the disclosure contemplated in . . . section 912 involves some measure of choice and deliberation on the part of the privilege holder"].)

The circumstances in this case are materially similar to those in *State Comp.* Magallanes's counsel, through his legal secretary, inadvertently disclosed documents conspicuously marked as attorney-client communications in a large production of documents. The privileged communications were included in one or more categories of documents wholly unrelated to materials appearing in a litigation file. Though individual review of the Dropbox links containing these documents might have prevented disclosure, it is clear that neither Magallanes nor her counsel intended to produce the intake documents to expert witnesses or opposing counsel. In such context, the inadvertent disclosure "merely demonstrates that the poor paralegal or junior associate who was lumbered with the tedious job of going through voluminous files and records in preparation for a document production may have missed something." (*O'Mary v. Mitsubishi Electronics America, Inc.* (1997) 59 Cal.App.4th 563, 577.)

In the alternative, the District contends that Magallanes waived her claim of privilege because she failed to take corrective action, including the failure to seek a protective order or sealing order for the privileged documents, the failure to claw back the documents, and the questioning of Brault on the privileged information.

12

Though we agree that the holder of a privilege may waive it by engaging in """"conduct inconsistent with claiming the protection"""" (*Regents*, *supra*, 165 Cal.App.4th at p. 679), absent from the record in this case is any evidence that Magallanes engaged in any conduct inconsistent with claiming the privilege. The only failures identified by the District are those of Magallanes's counsel. It is not even clear Magallanes knew of the inadvertent disclosures, the inadvertent public filings, or the questioning of District witnesses. (Compare *Calvert v. State Bar* (1991) 54 Cal.3d 765, 780 [finding implied waiver after client failed to claim privilege at a hearing in which she was present and consulted with her attorney] with *DP Pham*, *supra*, 246 Cal.App.4th at p. 668 [no evidence established client had waived or authorized bookkeeper to waive the privilege].) Because Magallanes's counsel continuously sought, albeit imperfectly, to protect the attorney-client privilege, we shall not impute an attorney's negligent conduct to the client. (See *Regents*, *supra*, at p. 683 [the law does not require """"strenuous or Herculean efforts"""" to preserve a claim of privilege].)

The District also contends that "any privilege over information given to experts is 'lost upon designation of the expert as a witness because the decision to use the expert as a witness manifests the client's consent to disclosure of the information.'" (Quoting *Shadow Traffic Network v. Superior Court* (1994) 24 Cal.App.4th 1067, 1079 (*Shadow*).)

It is true that disclosure of material protected by the attorney-client privilege to an expert who is later designated as a trial witness

may constitute an implied waiver by the client. (*Shadow, supra,* 24 Cal.App.4th at p. 1079.) But such a waiver applies only to confidential information that is relevant and likely to be used by the expert at trial. (See *National Steel Products Co. v. Superior Court* (1985) 164 Cal.App.3d 476, 485 [upholding waiver of attorney-client privilege because the information revealed was on the same "'subject matter about which'" the expert was a prospective witness]; *Sanders v. Superior Court* (1973) 34 Cal.App.3d 270, 276, 279 (*Sanders*) ["the information and opinion of an expert respecting the subject matter about which he is a prospective witness" constitutes relevant evidence subject to discovery].)

Here, Magallanes's counsel inadvertently disclosed over 20 pages of documents clearly marked as confidential and work product, including attorney retainer agreements. It is undisputed that Magallanes's counsel did not send any of those documents for the purpose of assisting an expert's analysis of a disputed issue in the case. Further, the subject matter of the privileged information here (a single sentence in a summary of an intake interview in which Magallanes or her mother said that Magallanes was pushed by another student) is not relevant to the subjects about which the three experts were retained. (See *Sanders, supra,* 34 Cal.App.3d at p. 277 ["'When it becomes reasonably certain an expert will give his professional opinion as a witness on a material matter in dispute, then his opinion has become a factor in the cause'"].) The retainer agreements for the retained experts who inadvertently received the intake documents (David Lechuga, Paul Broadus, and Sharon Grandinette) show that Grandinette is an

14

educational consultant who would opine on Magallanes's educational functioning; Lechuga is the director of the Neurobehavioral Clinic and Counseling Center with accreditations for clinical and rehabilitation psychology, and neuropsychology;[5] and Broadus is an expert on disability management services and the ability to work.

Given the subjects for which these experts were retained, the District has failed to meet its burden to establish that in forming an opinion, any of these experts used, or were likely to use, the information that Magallanes was purportedly pushed by another student. (See *McDermott*, *supra*, 10 Cal.App.5th at p. 1101 [once prima facie of privilege has been made, the burden shifts to opponent to establish waiver].) Thus, there is simply no basis in the record to uphold a determination that Magallanes impliedly waived the attorney-client privilege over confidential information that her counsel inadvertently disclosed to three of her retained experts.

Finally, we disagree with the trial court's ruling that the knowledge or negligence of an attorney can be imputed to the client for purposes of determining whether the client waived the attorney-client privilege.[6] The privilege "'has been a hallmark of Anglo-American

---

[5]    The District has not identified any other portion of the record with respect to Lechuga's area of expertise.

[6]    The authority on which the court relied is inapposite to this case. (See *Harustak v. Wilkins* (2000) 84 Cal.App.4th 208, 219 [imputing attorney knowledge with regard to statute of limitations in trustee claims proceeding]; *Stalberg v. Western Title Ins. Co.* (1991) 230 Cal.App.3d 1223, 1231 [same but in slander of title-breach of fiduciary duty claim]; *In re Ivey* (2000) 85 Cal.App.4th 793, 804–805 [imputing attorney knowledge of fees and costs to

15

jurisprudence for almost 400 years.'" (*Costco*, *supra*, 47 Cal.4th at p. 732.) It "is a legislative enactment, which courts have no power to expand or limit by creating exceptions" (*McDermott*, *supra*, 10 Cal.App.5th at p. 1100), including a purported exception imputing the knowledge or negligence of an attorney to the client so as to fashion an implicit waiver by the client.

Based on the foregoing, we conclude that Magallanes did not waive her right to claim the attorney-client privilege.

//
//
//
//
//
//
//
//
//
//
//
//
//

---

an alleged contemnor]; *Sauer v. Superior Court* (1987) 195 Cal.App.3d 213, 231 [imputing attorney's wrongful withholding of material to client with respect to discovery sanctions].)

## DISPOSITION

The alternative writ is discharged.  Let a peremptory writ of mandate issue compelling the respondent superior court to vacate its order of May 21, 2021 to the extent it found Magallanes waived the attorney-client privilege over the intake documents, and instead enter an order denying the District's application to deem the privilege waived. This court's June 9, 2021 order staying all further proceedings in this matter is discharged.  Petitioner is awarded costs.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


WILLHITE, J.

We concur:


MANELLA, P. J.


COLLINS, J.